UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAKE WARFIELD                                    CIVIL ACTION

VERSUS                                           NO. 18-10220

STATE FARM MUTUAL                                SECTION: M (5)
AUTOMOBILE INSURANCE
COMPANY AND
ANTHONY CORDESMAN

**ORDER & REASONS**

Before the court is a motion to remand filed by plaintiff Jake Warfield ("Warfield"),[1] to which defendant State Farm Fire and Casualty Company ("State Farm") responds in opposition,[2] and in further support of which Warfield replies.[3] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

**I.    BACKGROUND**

This case involves a personal injury. Warfield filed this action against defendant Anthony Cordesman ("Cordesman") in Civil District Court, Parish of Orleans, State of Louisiana, alleging Louisiana state-law claims arising out of an incident that occurred on Cordesman's property.[4] Specifically, Warfield alleges that on February 27, 2017, he was performing maintenance work on Cordesman's property located at 805 Franklin Avenue in New Orleans, Louisiana, when the second story balcony collapsed causing Warfield to fall two stories to the ground.[5] Warfield alleges that he "sustained severe, permanent, continuing, and disabling personal injuries, including but not limited to 25 days of hospitalization, multiple back and rib fracturs and severe head trauma."[6] On October 1, 2018, Warfield filed an amended

---

[1] R. Doc. 9.
[2] R. Doc. 13.
[3] R. Doc. 20.
[4] R. Doc. 1-1 at 1-5.
[5] *Id.* at 2.
[6] *Id.* at 4.

petition adding State Farm as a defendant, and his counsel sent State Farm a letter enclosing medical bills in the amount of $341,135.69.[7]

On October 31, 2018, State Farm removed this action to the United States District Court for the Eastern District of Louisiana alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[8] State Farm alleges that the parties are completely diverse as it is a citizen of Illinois, Warfield is a citizen of Louisiana, and Cordesman is a citizen of Virginia.[9] State Farm also alleges that there is more than $75,000 in controversy as evidenced by the letter from plaintiff's counsel remitting medical bills in the amount of $341,135.69.[10]

## II.  PENDING MOTION

Warfield filed the instant motion to remand arguing that State Farm did not meet its burden of demonstrating that the minimum amount in controversy was satisfied as of the date of removal because it did not attach the medical bills to the motion.[11] Warfield contends that the letter from his counsel stating that his medical bills totaled $341,135.69 is insufficient because there is no evidence that those medical bills relate to the accident at issue in this case.[12]

State Farm opposes the motion arguing that the letter from plaintiff's counsel, along with the description of Warfield's injuries contained in the petition, establish that there is more than $75,000 in controversy.[13] As further evidence that the amount in controversy is satisfied, State Farm attaches Warfield's medical bills to its opposition memorandum.[14]

---

[7] R. Doc. 1-2 at 1-6.
[8] R. Doc. 1 at 1.
[9] *Id.* at 2.
[10] *Id.* at 3.
[11] R. Doc. 9-1 at 1-8.
[12] R. Doc. 9-1 at 6-7.
[13] R. Doc. 13 at 1-2.
[14] R. Doc. 13-1.

### III. LAW & ANALYSIS

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The federal district courts have original subject-matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Subject-matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). "Any ambiguities are construed against removal and in favor of remand to state court[,]" and "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013) (citations omitted).

Because plaintiffs in Louisiana state courts may not plead a specific amount of damages, the Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In these cases, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or (2) by setting forth facts, preferably in the removal petition or sometimes by affidavit, that support a finding of the requisite amount. *Id.*

In this case, State Farm met its burden of demonstrating that the amount in controversy is satisfied. In the removal petition, State Farm pointed to the severity of the injuries alleged by Warfield, which caused him to be in the hospital for twenty-five (25) days.[15] Common sense

---

[15] R. Doc. 1 at 3.

dictates that twenty-five (25) days in the hospital costs more than $75,000.[16]  Further, State Farm attached a letter that plaintiff's counsel sent to it with the petition in which plaintiff's counsel represented that Warfield's medical bills totaled $341,135.69.  The reasonable inference to draw from the letter transmitting the medical bills with the petition is that Warfield believed the bills were incurred as a result of the accident.  It is disingenuous for Warfield to argue now that State Farm has not demonstrated by a preponderance of the evidence that there is more than $75,000 in controversy when his counsel's representations to State Farm clearly demonstrate otherwise.

## IV. CONCLUSION

IT IS ORDERED that Warfield's motion to remand (R. Doc. 9) is DENIED.

New Orleans, Louisiana, this 16th day of January, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[16] Copies of Warfield's medical bills from University Medical Center ("UMC") and the LSU Heathcare System were attached to State Farm's opposition, including one bill alone totaling $309,719.69, which reflects Warfield's hospitalization at UMC from February 27, 2018 through March 23, 2018, in the wake of the alleged accident. R. Doc. 13-1.